CLD-056                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4354
_____

IN RE:  BERNARD BARNETT,
Petitioner

_____

Petition for Writ of Mandamus from the
United States District Court for the
Middle District of Pennsylvania
(Related to M.D. Pa. Civil No. 10-cv-01195)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 2, 2010

Before: RENDELL, FUENTES and SMITH <u>Circuit</u> <u>Judges</u>

(Opinion filed   December 17, 2010 )
_____

OPINION OF THE COURT
_____

PER CURIAM

        Bernard Barnett filed this pro se petition for a writ of mandamus seeking an order

compelling the District Court to grant his habeas corpus petition and release him from

prison.  For the reasons that follow, we will deny the petition.

        Barnett was convicted of federal drug and firearms offenses in 1991 and was

sentenced to life in prison.  His conviction and sentence were affirmed by the U.S. Court

of Appeals for the Second Circuit.  Barnett then began a lengthy and mostly unsuccessful

series of collateral attacks on his conviction and sentence in various federal district and appellate courts. He claims to have filed twenty-three motions to vacate his sentence under 28 U.S.C. § 2255, eleven petitions for a writ of habeas corpus under 28 U.S.C. § 2241, seven motions to reduce his sentence pursuant to 18 U.S.C. § 3582, and fourteen mandamus petitions.

Of particular relevance to the present matter is a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which Barnett filed in District Court in June 2010. He raised various challenges to the legality of his sentence in that petition. The District Court dismissed it on the basis that a § 2255 motion is the presumptive means for a federal prisoner to attack his sentence, and Barnett had not shown that a § 2255 motion would have been inadequate or ineffective in his case. See In re Dorsainvil, 119 F.3d 245, 248-52 (3d Cir. 1997). Barnett appealed from that order in early November 2010, and the appeal is pending. See C.A. No. 10-4316. About a week later, Barnett filed this mandamus petition. He argues that his sentence is illegal and that he has already served the lawful maximum term of imprisonment. He further argues that all of his collateral attacks, including the § 2241 petition before the District Court, were improperly denied and that the courts have "ignored" and "circumvented" his claims.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has a "clear and indisputable" right to the issuance of the writ and that he has "no other

2

adequate means" to obtain the relief desired.  <u>Madden v. Myers</u>, 102 F.3d 74, 79 (3d Cir. 1996).

Barnett has failed to show that he has no other adequate means to obtain the relief he seeks, i.e., the consideration of the claims raised in his habeas petition and the granting of habeas relief.  In fact, Barnett has already availed himself of the proper means for seeking relief:  his pending appeal from the District Court's order dismissing his habeas petition.  He may not use a mandamus petition as a substitute for the regular appeals process.  <u>See</u> <u>In re Briscoe</u>, 448 F.3d 201, 212 (3d Cir. 2006).  Although Barnett is frustrated by the failure of his many collateral challenges to his sentence, the denials of his previous motions and petitions do not demonstrate, as he contends, that he has no adequate means other than mandamus for obtaining relief.  On the contrary, this history provides ample proof of the fact that there are other adequate vehicles for seeking the relief he desires regarding his sentence.

Accordingly, we will deny the petition.